380 So.2d 1151 (1980)
Linda Gale POPE et Vir., Appellants,
v.
CRUISE BOAT COMPANY, INC., and Western World Insurance Company, Appellees.
No. 78-2381.
District Court of Appeal of Florida, Third District.
March 11, 1980.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Samuel M. Spatzer, Miami, for appellants.
Daniels & Hicks and Mark Hicks, Anderson & Moss, Miami, for appellees.
Before HENDRY and SCHWARTZ, JJ., and VANN, HAROLD R., (Ret.), Associate Judge.
HENDRY, Judge.
This is an appeal by the plaintiffs from a summary final judgment rendered in favor of the defendants/appellees. Linda Gale Pope and Earl Pope contend that the trial court erred in finding the nonexistence of genuine issues of material fact; erred in concluding that the defendants, Cruise Boat Company, Inc. and its insurer, were entitled *1152 to judgment as a matter of law; and erred in denying plaintiffs' subsequent motion for rehearing. We cannot agree, and shall discuss the facts and reasons for our determination that the trial court order be affirmed.
Linda Gale Pope was a pedestrian who, on a summer morning, chose to walk on the shoulder of a county street running in front of the property leased by Cruise Boat as its place of business; she was on her way to her place of employment, a hospital laundry business located near the Cruise Boat Company premises, where she had been working for approximately ten (10) months.[1] It appears from the uncontroverted facts contained in the record that when she was walking the shoulder of the street, she came upon a boat on a trailer and two pickup trucks parked perpendicular to the street on the shoulder, but not protruding into the street. In her attempt to go around the boat, she stepped off the shoulder into the street and was struck by a truck.
In the complaint, Linda Gale Pope and her husband, who is suing for loss of consortium, alleged that Cruise Boat was careless and negligent in maintaining the premises in an unsafe condition in that boats and vehicles were permitted to be parked on the property in such a manner as to cause pedestrians to walk on the public street, and that said negligence was a proximate cause of the injuries sustained by Linda Gale Pope when she was struck by a truck being operated on N.W. 151 Street, Opa Locka.[2] As the cause progressed in the trial court, there came a time when Cruise Boat and its insurer made a motion for summary judgment on the basis that there was no liability on their part, as a matter of law; that is, that a holder of premises owes no duty to a pedestrian to keep the parkway or shoulder abutting a county road clear and unobstructed. The trial court granted the motion, finding that no material issues of material fact were left unresolved and that, as a matter of law, these defendants were entitled to summary judgment.
Appellants now urge, inter alia, that Cruise Boat breached its duty to maintain the premises, its approaches (ingress and egress), in a reasonably safe condition and that, under the facts of the case, the issue of negligence was properly within the province of the jury to determine. Appellants discuss the general proposition of law that a landowner has a duty to maintain approaches to his premises. The cases cited, however, deal with the duty of care owed to a business invitee seeking entry onto or exit from a place of business. Appellant, Linda Gale Pope, was walking on the shoulder of the road and not an "approach" to the Cruise Boat premises; she was not an invitee, business or otherwise; she was merely a pedestrian passing the premises, after having chosen to walk the shoulder of the road rather than the sidewalk on the other side of the same street.
Appellees point out that while there are no Florida cases directly on point,[3] other *1153 jurisdictions have long held that negligence in obstructing a sidewalk (rather than a shoulder) was not a proximate cause of injuries sustained by plaintiff where the plaintiff went onto a roadway in an attempt to avoid the obstruction and was hit by a car. In DeLuca v. Manchester Laundry and Dry Cleaning Company, Inc., 380 Pa. 484, 112 A.2d 372 (1955),[4] the Supreme Court of Pennsylvania in holding that the pedestrian who walked around a parked truck, which was protruding into the roadway and blocking the sidewalk, and was struck by a car was guilty of negligence and the truck owner's action in blocking the sidewalk was not the proximate cause of the accident; the court explained its reasoning at 112 A.2d at 375:
"The question, then, is whether the parking of the Laundry Company's truck, even if it were a violation of the statute and therefore an act of negligence; was a proximate or only what the law regards as a remote cause of plaintiff's accident. The theory adopted by the court below that the plaintiff was placed in a position of peril by reason of the blocking of the sidewalk and being compelled thereby to walk out into the roadway; therefore she was not guilty of negligence in what she did but only of an error of judgment. In our opinion the facts do not admit of such an interpretation. Except under unusual circumstances there is certainly no particular `peril' encountered by an adult person in walking into the roadway of a street ... and the Laundry Company was not bound to anticipate such negligence."
Specifically, we must examine whether under the facts presented, Cruise Boat's action or omission to act, in permitting vehicles and a boat on a trailer to be situated where they were, constitutes a proximate cause of the plaintiff's injury  or merely what the law regards as a remote cause. The Supreme Court of Florida holding in National Airlines, Inc. v. Edwards, 336 So.2d 545 (Fla. 1976), while adopting language from Kwoka v. Campbell, 296 So.2d 629 (Fla. 3d DCA 1974), stated at 547:
"Appellants suggest that the issue is one of reasonable foreseeability and that only the jury can apply that test. This proposition cannot be true because under it every allegation of a breach of duty no matter how remote from an injury would result in a jury trial. The question of proximate cause is one for the court where there is an active and efficient intervening cause."
The question of proximate causation if well explained in Matthews v. Williford, 318 So.2d 480 (Fla. 2d DCA 1975),[5] at 481 and 483:
"The law is well settled in this state that a remote condition or conduct which furnishes only the occasion for someone else's supervening negligence is not a proximate cause of the result of the subsequent negligence."
* * * * * *
"In short, conduct prior to an injury or death is not legally significant in an action for damages like this, unless it is a legal or proximate cause of the injury or death  as opposed to a cause of the remote conditions or occasion for the later negligence."
In conclusion, we find that the trial court did not commit error since, as a matter of law, the conduct of Cruise Boat Company, Inc. in permitting the parking condition was not a proximate cause of the injury complained of by the plaintiffs. Clearly, a motion for summary judgment may be granted when it is made to appear from the pleadings, deposition, affidavits or other evidence before the court that there exists no genuine issue of material fact to be tried and that the movant is entitled to judgment as a matter of law. Tobias v. Englander, 329 So.2d 363 (Fla. 3d DCA 1976).
Affirmed.
*1154 SCHWARTZ, Judge (concurring specially).
I do not at all subscribe to the basis of the majority opinion, which I think is contrary to such cases as McCabe v. Watson, 225 So.2d 346 (Fla.3d DCA 1969), cert. discharged, 232 So.2d 739 (Fla. 1970). I concur in affirmance, however, solely on the ground that it conclusively appeared that there was no evidence that the defendant was responsible for the vehicles and boats which obstructed the plaintiff's passage through the area upon which she had a right to walk. See Sims v. Helms, 345 So.2d 721, 724 (Fla. 1977); Holl v. Talcott, 191 So.2d 40, 47 (Fla. 1966).
NOTES
[1] The record also shows that on the other side of the county street a paved sidewalk is provided; on the side where Cruise Boat is located, however, there is a driveway on the business premises and a gravel/sand-covered shoulder between the driveway and the street, N.W. 151 Street, Opa Locka.
[2] The truckdriver and his insurer were also named defendants in the suit, but are not parties to this appeal.
[3] Although at first blush a seemingly similar factual situation and proximate cause issue were presented in McCabe v. Watson, 225 So.2d 346 (Fla.3d DCA 1969), cert. discharged, 232 So.2d 739 (Fla. 1970), we find certain distinctions that make the holding inapplicable to the instant case. Not only was there substantially conflicting evidence that had to be resolved by the jury, but the issue of proximate causation turned on whether defendant's act of parking one-fourth to one-half of his automobile on the grassy area adjacent to the street while permitting the remainder of the automobile to protrude onto the street in a residential area, in violation of the Code of Metropolitan Dade County, § 30-80.2, proximately caused the injuries to the twelve-year old plaintiff, where the driver of another automobile was forced to drive onto the wrong side of the street in order to avoid the illegally parked automobile and struck the child. Cf. Rodi v. Florida Greyhound Lines, Inc., 62 So.2d 355 (Fla. 1952).
[4] See also Klarquist v. Chamberlain & Proctor, 124 Cal. App. 398, 12 P.2d 664 (1932) and Smith v. Locke Coal Company, 265 Mass. 524, 164 N.E. 381 (1929).
[5] See also, Gibson v. Avis Rent-A-Car System, Inc., 362 So.2d 960 (Fla. 3d DCA 1978) and Memorial Park, Inc. v. Spinelli, 342 So.2d 829 (Fla. 2d DCA 1977).