438 So.2d 14 (1983)
Jerome STAHL, As Personal Representative of the Estate of Andrew Stahl, a Minor, Deceased, for the Benefit of Jerome Stahl and Georgia Stahl, As Natural Parents and Survivors of Andrew Stahl, Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 81-1497.
District Court of Appeal of Florida, Third District.
June 7, 1983.
Rehearing Denied October 4, 1983.
*16 Greene & Cooper and Marc Cooper and Sharon L. Wolfe, Donald J. Post, Miami, for appellant.
Virgin, Whittle & Garbis and Jack M. Sobel, Miami, for appellee.
Before HUBBART and DANIEL S. PEARSON, JJ., and EZELL, BOYCE F., Jr., (Ret.) Associate Judge.
HUBBART, Judge.
This is an appeal from a final summary judgment for the defendant in a wrongful death action. The trial court concluded that the defendant's negligence, if any, was not as a matter of law the proximate cause of the minor decedent's death herein. We disagree and reverse.

I
The facts of this case, for summary judgment purposes, are as follows. On or about January 20, 1980, Andrew Stahl, a 13-year-old boy, was riding his bicycle to Palmetto Junior High School on a bicycle path built by the defendant Metropolitan Dade County on the north side of S.W. 128 Street in Dade County, Florida. Children like Andrew regularly used the path to ride their bicycles to school, a fact well-known to the defendant Dade County. The path was made of asphalt and was approximately five feet wide; it had been built in 1971 and thereafter received no maintenance. Because of the aforesaid lack of maintenance, the path became very bumpy in places where tree roots began growing underneath. Andrew, on his way to school, sought to avoid one such poorly maintained area which was bumpy and difficult to ride over with a bicycle. He, accordingly, drove off the path onto a parallel grassy area about five feet in width which had trees growing in it, and into the adjoining street where he was immediately struck and killed by an oncoming car. There is testimony that upon entering the grassy area Andrew would have struck one of the trees had he not headed into the street.
Jerome Stahl, Andrew's father and the personal representative of Andrew's estate, brought a wrongful death action below against the defendant Metropolitan Dade County alleging negligence in the maintenance of the bicycle path. The defendant, after discovery, developed the above facts, and moved for a summary judgment on the sole ground that "the uncontroverted facts contained in the record indicate that any alleged negligent act or omission of this [d]efendant was not the proximate cause of the accident sued upon," [R. 220], relying on Pope v. Cruise Boat Co., 380 So.2d 1151 (Fla. 3d DCA 1980). The trial court agreed and entered final summary judgment based *17 on the authority of the Pope case. The plaintiff appeals.

II
It is the established law of this state that to maintain a cause of action sounding in negligence, as here, the plaintiff must establish three elements. These elements are stated in the cases in slightly varying language and have no particular canonical form; they amount in substance, however, to the following:
(1) The existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others including the plaintiff;
(2) A failure on the part of the defendant to perform that duty; and
(3) An injury or damage to the plaintiff proximately caused by such failure.[1]
In the instant case, all agree that for summary judgment purposes the first two elements of the plaintiff's negligence (wrongful death) action are shown on this record, which is to say that genuine issues of material fact are presented as to these elements thereby precluding summary judgment thereon. Holl v. Talcott, 191 So.2d 40 (Fla. 1965). It is solely the third element of "proximate cause" which is in dispute in this case. The defendant contended below, and the trial court agreed, that on this record the defendant's alleged negligent act or omission in failing to maintain the bicycle path in a reasonably safe condition was not, as a matter of law, the "proximate cause" of the death of the plaintiff's decedent when he was struck by an oncoming car in the adjoining street after having departed from said path. We are therefore required to consult the applicable Florida law on "proximate cause" in negligence actions as applied to the facts presented herein. We do so, however, with a certain degree of caution mindful that "[t]here is perhaps nothing in the entire field of law which has called forth more disagreement, or upon which the opinions are in such a welter of confusion." W. Prosser, Handbook of the Law of Torts § 41, at 236 (4th ed. 1971).

A
It seems clear at the outset that the "proximate cause" element of a negligence action embraces, at the very least, a causation-in-fact test, that is, the defendant's negligence must be a cause-in-fact of the plaintiff's claimed injuries. In this respect, a negligence action is no different from any other tort action as clearly there can be no liability for any tort unless it be shown that the defendant's act or omission was a cause-in-fact of the plaintiff's claimed injuries. To be sure, such a showing, without more, is insufficient to establish the "proximate cause" element of a negligence action, but it is plainly a sine qua non ingredient thereof. See e.g., W. Prosser, Handbook of the Law of Torts § 41 (4th ed. 1971).
The Florida courts, in accord with most other jurisdictions, have historically followed the so-called "but for" causation-in-fact test, that is, "to constitute proximate cause there must be such a natural, direct, and continuous sequence between the negligence act [or omission] and the [plaintiff's] injury that it can reasonably be said that but for the [negligent] act [or omission] the injury would not have occurred." Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227, 230 (Fla. 1st DCA 1960), *18 cert. denied, 127 So.2d 441 (Fla. 1961), relying on Seaboard Air Line Ry. v. Mullin, 70 Fla. 450, 70 So. 467, 470 (1915).[2] This has proven to be a fair, easily understood and serviceable test of actual causation in negligence actions, which test is currently in use as part of the Florida Standard Jury charges on this subject in the trial of negligence cases. Fla.Std.Jury Instr. (Civil) 5.1a.[3]
As pointed out by Prosser, however, there is one limited type of case where the "but for" test fails and has not been employed:
"Restricted to the question of causation alone, and regarded merely as a rule of exclusion, the `but for' rule serves to explain the greater number of cases; but there is one type of situation in which it fails. If two causes concur to bring about an event, and either one of them, operating alone, would have been sufficient to cause the identical result, some other test is needed. Two motorcycles simultaneously pass the plaintiff's horse, which is frightened and runs away; either one alone would have caused the fright. A stabs C with a knife, and B fractures C's skull with a rock; either wound would be fatal, and C dies from the effects of both. The defendant sets a fire, which merges with a fire from some other source; the combined fires burn the plaintiff's property, but either one would have done it alone. In such cases it is quite clear that each cause has in fact played so important a part in producing the result that responsibility should be imposed upon it; and it is equally clear that neither can be absolved from that responsibility upon the ground that the identical harm would have occurred without it, or there would be no liability at all."
W. Prosser, Handbook of the Law of Torts § 41, at 239 (4th ed. 1971) (footnotes omitted).
This court has, in effect, agreed with this analysis. Brandeis v. Felcher, 211 So.2d 606, 607-08 (Fla. 3d DCA), cert. denied, 219 So.2d 706 (Fla. 1968). In these so-called "concurrent cause" cases [where each of the concurrent causes alone could have produced-in-fact the plaintiff's injury], the Florida courts have abandoned sub silentio the "but for" test and have employed instead a "substantial factor" test for the obvious reason that adherence to the "but for" test in this limited type of case leads to anomalous and unacceptable results. Asgrow-Kilgore Co. v. Mulford Hickerson Corp., 301 So.2d 441, 445 (Fla. 1974); Loftin v. Wilson, 67 So.2d 185, 191 (Fla. 1953); General Telephone Co. of Fla. v. Choate, 409 So.2d 1101 (Fla. 2d DCA), review denied, 418 So.2d 1278 (Fla. 1982).[4] The "substantial factor" test is stated and explained in Loftin as follows:

*19 "Whether or not the accident would have occurred under the circumstances notwithstanding some act or omission on the part of the railroad company is questionable. Prosser on Torts, p. 322. Of course, the fact of causation is never capable of mathematical proof, since no man can say with absolute certainty what would have occurred if another had acted otherwise. Defendant's conduct in an action for personal injuries is considered a cause of the event if it was a material and substantial factor in bringing it about. Whether it is such a substantial factor is for the jury to determine, unless the issue is so clear that reasonable men could not differ. Prosser on Torts, p. 324; 2 Restatement of Torts, p. 1159, Sec. 431." Loftin v. Wilson, 67 So.2d 185, 191 (Fla. 1953) (emphasis added).
This test, in turn, is also currently in use as part of the Florida Standard Jury charges on this subject in the trial of negligence cases. Fla.Std. Jury Inst. (Civil) 5.1b.[5] Properly viewed, then, Florida follows the "but for" causation-in-fact test in negligence cases, as modified by the limited "substantial factor" exception applicable only in those concurring cause cases where each of the said concurring causes could have alone produced the plaintiff's injury.

B
The "proximate cause" element of a negligence action embraces more, however, than the aforesaid "but for" causation-in-fact test as modified by the "substantial factor" exception. Florida courts, in accord with courts throughout the country, have for good reason been most reluctant to attach tort liability for results which, although caused-in-fact by the defendant's negligent act or omission, seem to the judicial mind highly unusual, extraordinary, bizarre, or, stated differently, seem beyond the scope of any fair assessment of the danger created by the defendant's negligence. Plainly, the courts here have found no proximate cause in such cases based solely on fairness and policy considerations, rather than actual causation grounds.
In this connection, no single test fitting all cases has yet been adopted, see generally Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla. 1961), but the test most often employed by the courts is the so-called "foreseeability" test. Indeed, it has been said that "[t]he key to proximate cause is foreseeability." Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54, 56 (Fla. 1977). This test has a multi-faceted content and is stated or applied in a myriad of Florida cases in widely varying contexts, at times without even using the term "foreseeable." See e.g., 38 Fla.Jur.2d Negligence §§ 30, 33-37, 42-48 (1982), and cases collected therein. The test is virtually impossible to capture in a single formula and plainly has no canonical form. The following leading Florida cases, however, appear to summarize in substance the test as understood under our established law.
"Not every negligent act of omission or commission gives rise to a cause of action for injuries sustained by another. It is only when injury to a person ... has resulted directly and in ordinary natural sequence from a negligent act without the intervention of any independent efficient cause, or is such as ordinarily and naturally should have been regarded as a probable, not a mere possible, result of the negligent act, that such injured person is entitled to recover damages as compensation for his loss. Conversely, when *20 the loss is not a direct result of the negligent act complained of, or does not follow in natural ordinary sequence from such act but is merely a possible, as distinguished from a natural and probable, result of the negligence, recovery will not be allowed. Seaboard Air Line Ry. Co. v. Mullin, 70 Fla. 450, 70 So. 467, L.R.A. 1916D, 982, Ann.Cas. 1918A, 576. `Natural and probable' consequences are those which a person by prudent human foresight can be expected to anticipate as likely to result from an act, because they happen so frequently from the commission of such act that in the field of human experience they may be expected to happen again. `Possible' consequences are those which happen so infrequently from the commission of a particular act, that in the field of human experience they are not expected as likely to happen again from the commission of the same act. See 38 Am.Jur. 712, Negligence, Sec. 61."

Cone v. InterCounty Telephone & Telegraph Co., 40 So.2d 148, 149 (Fla. 1949). "The Florida courts, as well as a great majority of other jurisdictions, have incorporated into their definitions of proximate cause certain modifying factors or tests which have been formulated to help determine whether proximate cause or legal cause is present in a particular case. The principal tests are the following: (a) `Foreseeability', by which, even though the defendant has been negligent there can be no recovery for an injury that was not a reasonably foreseeable consequence of his negligence, although ... the particular injury or the manner in which the hazard operated need not have been clearly foreseeable...."

Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227, 229 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla. 1961) (footnotes omitted).
Plainly, the "foreseeability" test finds a particularly consistent application in that large group of cases where, as claimed here, a plaintiff's injury is caused-in-fact by the defendant's negligence and, in addition thereto, by other "intervening causes" independent of said negligence. W. Prosser, Handbook of the Law of Torts § 44 (4th ed. 1971). "It is noted that the Florida Supreme Court has applied the foreseeability test to the independent intervening cause [cases] and has reasoned that the intervention of independent intervening causes does not break the causal connection if the intervention of such forces was itself probable or foreseeable." Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227, 230 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla. 1961) (footnote omitted).[6] In this connection, the Florida Supreme Court has recently restated and explained the "foreseeability" test in the context of an "intervening cause" case as follows:
"While the holding of the courts below that McNealy's conduct was the sole cause may be seen as correct from the standpoint of physical causation, the question of whether to absolve a negligent actor of liability is more a question of responsibility. W. Prosser, Law of Torts, § 44 (4th Ed. 1971); L. Green, Rationale of Proximate Cause, 14270 (1927); Comment, 1960 Duke L.J. 88 (1960). If an intervening cause is foreseeable the original negligent actor may still be held liable. The question of whether an intervening *21 cause is foreseeable is [ordinarily] for the trier of fact. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977); Exchange Bank of St. Augustine v. Florida Nat'l Bank of Jacksonville, 292 So.2d 361 (Fla. 1974); Cruz v. Hundley, 371 So.2d 698 (Fla. 3d DCA 1979); Railway Express Agency, Inc. v. Garland, 269 So.2d 708 (Fla. 1st DCA 1972) cert. denied 275 So.2d 14 (Fla. 1973); Savarese v. Hill, 128 So.2d 775 (Fla. 3d DCA 1961).
Another way of stating the question whether the intervening cause was foreseeable is to ask whether the harm that occurred was within the scope of the danger attributable to the defendant's negligent conduct. A person who creates a dangerous situation may be deemed negligent because he violates a duty of care. The dangerous situation so created may result in a particular type of harm. The question whether the harm that occurs was within the scope of the risk created by the defendant's conduct may be answered in a number of ways.
First, the legislature may specify the type of harm for which a tortfeasor is liable. See Vining v. Avis Rent-A-Car, above; Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3d DCA 1976) cert. denied 348 So.2d 946 (Fla. 1977). Second, it may be shown that the particular defendant had actual knowledge that the same type of harm has resulted in the past from the same type of negligent conduct. See Homan v. County of Dade, 248 So.2d 235 (Fla. 3d DCA 1971). Finally, there is the type of harm that has so frequently resulted from the same type of negligence that `"in the field of human experience" the same type of result may be expected again.' Pinkerton-Hays Lumber Co. v. Pope, 127 So.2d 441, 443 (Fla. 1961) (emphasis in original)."

Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520, 522-23 (Fla. 1980) (emphasis added).
The "foreseeability" test, in turn, is currently in use as part of Florida Standard Jury charges on this subject in the trial of negligence cases. Fla.Std. Jury Instr. (Civil) 5.1c.[7]
The question here, it should be emphasized, is not whether the plaintiff's injury was caused-in-fact by the defendant's negligence, but instead whether said injury, given actual causation, was a foreseeable consequence of the danger created by the defendant's negligent act or omission. Here the courts deal with fairness and policy considerations, either stated or unstated, so as to relieve defendants in appropriate cases of liability for highly unusual, extraordinary, or bizarre consequences. As was candidly stated in Mozer v. Semenza, 177 So.2d 880, 883 (Fla. 3d DCA 1965):
"It is notorious that proximate cause is in most cases what the courts will it to be and that it is at best a theory under which the courts ... shield from liability those that the courts find should not in reason and logic be responsible for a given result."
Given the debatable nature of proximate cause issues in most such cases, it is not surprising that the courts have held that such issues are generally for juries to decide using their common sense upon appropriate instructions, although occasionally, when reasonable people cannot differ, the issue has been said to be one of law for the court. Helman v. Seaboard Coast Line R.R., 349 So.2d 1187, 1189 (Fla. 1977);[8]Kwoka v. *22 Campbell, 296 So.2d 629 (Fla. 3d DCA), cert. denied, 304 So.2d 450 (Fla. 1974).

III
Turning now to the instant case, we have no difficulty in concluding that genuine issues of material fact are presented on this record as to the element of "proximate cause" herein. The trial court was, accordingly, in error in concluding that as a matter of law this element was successfully negated on this record.

A
Plainly, the defendant Dade County's negligence in failing to properly maintain the bicycle path in question at the point where Andrew Stahl, the plaintiff's decedent, departed from the path was a cause-in-fact of the said decedent's death. Utilizing the "but for" test of actual causation, it is clear that "but for" the defendant's negligence herein, Andrew would not have been forced off the bicycle path, would not have been propelled onto an adjoining grassy area where menacing trees were located, would not have driven onto the adjoining street to avoid hitting the said trees, and would not have been struck and killed by an oncoming car. "But for" the defendant's negligence in the maintenance of the bicycle path, this tragic sequence of events would never have occurred. At the very least, a genuine issue of material fact is presented making a summary judgment inappropriate here.
It should be noted that this is not a "concurring cause" case where each of several causes could alone have produced-in-fact the death of the plaintiff's decedent. The negligent maintenance of the bicycle path, the act of the plaintiff's decedent in driving into the street, and the act of the oncoming car in striking the plaintiff's decedent could not, acting individually and independently of one another, have struck and killed the said plaintiff's decedent; all of these forces combined in sequence to lead to the decedent's death and all arguably are a cause-in-fact to the said death under the "but for" test. In short, the "substantial factor" exception is inapplicable here.[9]See Seaboard Air Line Ry. v. Watson, 94 Fla. 571, 113 So. 716 (1927) (syllabus by ct., no. 10).

B
Given, then, a proper showing of causation-in-fact in this case, we move on to determine whether the car/bicycle collision herein was a reasonably foreseeable consequence of the defendant's alleged negligent maintenance of the bicycle path herein. Here, too, we think that genuine issues of material fact are presented by this record. We think that a reasonable jury on these facts could find that the negligent maintenance of the bicycle path would likely force a young bicyclist such as Andrew Stahl off the path to avoid a spill, across an adjoining grassy area and onto the street where he might be hit by a car. Stated differently, we do not, as a matter of law, see this as a highly unusual, extraordinary or bizarre occurrence flowing from the negligent omission herein. From our common experience, we know that a bicyclist has a certain momentum as he travels along a bicycle path. Upon discovery of a hazardous condition on the path he, very likely, may be forced to detour off the path onto whatever adjoins the path without being able to stop. Where, as here, the adjoining strip is a grassy area approximately five feet in width with menacing trees growing therein, he may very well be forced to drive into the adjoining street to avoid hitting the trees and is likely thereafter to be hit and killed by an oncoming car. True, the child's action in this case in driving into the street and the oncoming car's action in striking the child represent intervening causes-in-fact of the child's death in this case. Neither *23 of these causes, however, can be said to be unforeseeable as a matter of law because plainly they could be reasonably expected from the defendant's initial negligence herein. At any rate, we think this is a question of fact for the jury on this record and was not a proper basis for entering a summary judgment.

1
By this discussion, we do not wish to imply that the child herein could not be found comparatively negligent by the jury in this tragic accident. Perhaps the child was going too fast, perhaps he was not keeping a proper lookout, perhaps he was driving the bicycle in a careless manner. All these actions might very well have contributed to the accident herein and, if so, could reduce the amount of the sustained damages herein. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). These acts of comparative negligence, however, cannot be seen as unforeseeable intervening causes and therefore cannot bar the negligence action herein on no "proximate cause" grounds. Surely our common experience tells us that bicyclists, especially children, ride on bicycle paths in these arguably unsafe ways resulting in accidents. We, accordingly, cannot say as a matter of law that the child's acts of comparative negligence, if any, were highly unusual, extraordinary, bizarre or beyond any fair assessment of the scope of danger created by the defendant's negligence.

2
It is urged, however, that our decision in Pope v. Cruise Boat Co., 380 So.2d 1151 (Fla. 3d DCA 1980), requires the entry of a summary judgment for the defendant herein on the proximate cause issue. We cannot agree.
In Pope, we held that the defendant's negligence, if any, in allowing certain vehicles to block a pedestrian's passage alongside the shoulder of a road did not, as a matter of law, proximately cause the plaintiff's pedestrian's injuries sustained when the plaintiff pedestrian left the said shoulder to avoid the parked vehicles, went onto the adjoining road and was struck by an oncoming car. We concluded, in effect, that it was not a reasonably foreseeable consequence of the defendant's negligence that the plaintiff pedestrian would react in such an unusual manner. The plaintiff pedestrian plainly had no momentum problem as she travelled on foot alongside the road and could have easily come to a complete stop upon encountering the subject vehicles on the shoulder; in fact, that is what one, as a matter of law, would reasonably expect. Her decision thereafter to step onto the road without looking, whereupon she was hit by a car, was an unexpected, highly unusual event, and therefore an unforeseeable intervening cause for which the defendant was not responsible. There was causation-in-fact in that case, but the result was considered too extraordinary and too unforeseeable to be considered a proximate cause of the defendant's negligence.[10]
The instant case, we think, presents a significantly different fact pattern. We deal here with a bicyclist who, unlike a pedestrian, has certain momentum problems as he traverses a bicycle path. He cannot be expected to stop on a dime as a pedestrian can. Upon encountering a hazard along his way, the bicyclist, as here, may very well have to detour quickly onto an adjoining street without being able to stop. Not so a pedestrian. For that reason, Pope cannot control the result here.

3
Beyond that, we think the bicyclist here is more like the motorist in McCabe v. Watson, 225 So.2d 346 (Fla. 3d DCA 1969), *24 cert. discharged, 232 So.2d 739 (Fla. 1970). In that case a defendant negligently parked his car in such a manner that it partially protruded onto the street blocking in part a lane of traffic. An oncoming motorist was thereafter forced to detour around the defendant's car and in so doing struck a plaintiff pedestrian. We concluded that it was a jury question as to whether the plaintiff pedestrian's injuries were proximately caused by the defendant's negligent act in parking his car. A car has certain momentum problems when in motion and cannot be expected to stop instantly; it was, therefore, held foreseeable from the defendant's negligence in parking his car that an oncoming motorist would be forced to detour around the defendant's car without stopping and might, in so doing, injure a crossing pedestrian. By analogy, a bicyclist is the same here for proximate cause purposes as a motorist. Both have momentum problems when in motion and both may be expected, as a reasonably foreseeable consequence of a hazard being placed in their path, to be forced by the hazard to detour from their path without stopping after which an accident may immediately ensue. As there was proximate cause shown in McCabe, so we think that proximate cause is also shown here.

4
A different case, however, would be presented if the child herein had chosen to bicycle in the adjoining street rather than traverse the subject bicycle path on the asserted basis that the path was so poorly maintained as to be unusable as a bicycle path, and thereafter had been hit and killed by the oncoming motorist. We agree with Judge Cowart in his concurring opinion in Puhalski v. Brevard County, 428 So.2d 375 (Fla. 5th DCA 1983), that in such a case there would be no liability as a matter of law because the county would be under no duty, as claimed, to provide a bicycle path at that location which was usable to the bicycling public. The claim would fail, then, as Judge Cowart correctly points out, on no duty or no negligence grounds, rather than no proximate cause grounds.
The instant case is significantly different. The plaintiff's claim here is not that Dade County breached its duty in failing to provide a usable bicycle path; the claim is that Dade County failed to maintain what was otherwise a perfectly usable path. Although Dade County did not have to provide a usable bicycle path at all, at least not at this location, once having done so it had a duty to properly maintain the path so as not to create, as here, unreasonable risks of harm to bicyclists using the path. As all concede, at least for summary judgment purposes, that duty was breached by Dade County in this case.

IV
In sum, then, we conclude that the "proximate cause" element of the plaintiff's negligence action herein was not negated on this record as a matter of law. The summary judgment under review is therefore reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.

ON MOTION FOR CLARIFICATION AND MOTION FOR REHEARING
The plaintiff Jerome Stahl has filed a motion for clarification in which he urges that the cost judgment in this case should also be reversed in view of our reversal of the final summary judgment herein. We entirely agree and accordingly reverse the cost judgment assessed below against the plaintiff Jerome Stahl. See § 57.041, Fla. Stat. (1981).
The defendant Dade County has also filed a motion for rehearing in which it takes issue with certain of the facts as stated in the court's opinion. We have again reviewed the record in this case and conclude that the evidence adduced during discovery tends to support, and certainly does not preclude a jury from reasonably inferring, the facts which are relied on in the court's opinion. For summary judgment purposes, then, this is the statement of facts which we are bound by on this appeal; the fact that there may be, as urged, conflicting *25 evidence and inferences in this record cannot change this result. See Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Moreover, the contrary facts and inferences pointed to in the record by the defendant, although relevant on the proximate cause issue, tend more appropriately to show that the plaintiff's decedent was comparatively negligent in this case in that (a) he may well have been previously aware of the poor condition of the bicycle path complained of in this case, but "assumed the risk" and rode on the path anyway, and (b) he may well have traveled a quarter of a block in the street before being struck by the oncoming car. Even if these facts be true, the jury could still find for the plaintiff on the proximate cause issue by concluding that the plaintiff's decedent was comparatively negligent, but that such negligence in a minor child was entirely foreseeable and thus not an independent, intervening cause of the accident. We are therefore not convinced that we have misread the record in any sense in deciding this case. The motion for rehearing is denied.
NOTES
[1] The above formulation largely tracks the language of the following cases: Clark v. Boeing Co., 395 So.2d 1226, 1228 (Fla. 3d DCA 1981); Blackton Building Supply Co. v. Garesche, 383 So.2d 250, 251 (Fla. 5th DCA 1980); Welsh v. Metropolitan Dade County, 366 So.2d 518, 521 (Fla. 3d DCA), cert. denied, 378 So.2d 347 (Fla. 1979); Angell v. F. Avanzini Lumber Co., 363 So.2d 571, 572 (Fla. 2d DCA 1978); Lake Parker Mall, Inc. v. Carson, 327 So.2d 121, 123 (Fla. 2d DCA 1976), cert. denied, 344 So.2d 323 (Fla. 1977); Smiley v. Court, 243 So.2d 643, 646 (Fla. 4th DCA 1971). The first element, however, has been modified to conform to the language found in Simon v. Tampa Electric Co., 202 So.2d 209, 213 (Fla. 2d DCA 1967), following W. PROSSER, HANDBOOK OF THE LAW OF TORTS § 30 (4th ed. 1971). As a whole, the stated formulation is in substantial accord with RESTATEMENT (2d) OF TORTS § 281 (1965) and W. PROSSER, supra at § 30.
[2] The Florida cases often use the terms "but for" and "without which" interchangeably in formulating the "but for" test, but the meaning here is precisely the same, with "but for" being the preferred terminology. Sardell v. Malanio, 202 So.2d 746, 747 (Fla. 1967) ("but for"); Tampa Electric Co. v. Jones, 138 Fla. 746, 190 So. 26, 27 (1939) ("without which"); Seaboard Air Line Ry. v. Mullin, 70 Fla. 450, 70 So. 467, 470 (1915) ("without which"); General Telephone Co. of Fla. v. Choate, 409 So.2d 1101 (Fla. 2d DCA), review denied, 418 So.2d 1278 (Fla. 1982) ("but for"); Bryant v. School Board of Duval County, 399 So.2d 417, 420 (Fla. 1st DCA 1981), aff'd in part, rev'd in part, sub. nom., Rupp v. Bryant, 417 So.2d 658 (Fla. 1982) ("without which"); Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla. 1978) ("but for"); General Telephone Co. of Fla. v. Mahr, 153 So.2d 13, 16-17 (Fla. 2d DCA 1963), cert. dismissed, 163 So.2d 285 (Fla. 1964) ("without which"); Smith v. City Products Corp., 147 So.2d 590 (Fla. 1st DCA 1963), cert. dismissed, 155 So.2d 696 (Fla. 1963) ("without which"); Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla. 1st DCA 1961) ("without which").
[3] Fla.Std. Jury Instr. (Civil) 5.1a states:

"a. Legal cause generally:
Negligence is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the negligence, the [loss] [injury] [or] [damage] would not have occurred."
[4] "The Florida Supreme Court seems to have modified the traditional `but for' test to the more modern `substantial factor' test in cases with separate concurrent causes of the injury." 409 So.2d at 1104 n. 2.
[5] Fla.Std. Jury Instr. (Civil) 5.1b states:

"b. Concurring cause:
In order to be regarded as a legal cause of [loss] [injury] [or] [damage], negligence need not be the only cause. Negligence may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such [loss] [injury] [or] [damage]."
It should be noted, however, that this instruction is not limited to cases where the "but for" test arguably fails as the instruction is plainly applicable as well to a broader class of concurring cause cases. See e.g., Goodman v. Becker, 430 So.2d 560 (Fla. 3d DCA 1983).
[6] For a representative sampling of Florida cases applying the "foreseeability" test to intervening cause cases, see: Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla. 1980); Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977); Nicholas v. Miami Burglar Alarm Co., 339 So.2d 175 (Fla. 1976); National Airlines, Inc. v. Edwards, 336 So.2d 545 (Fla. 1976); Overby v. Wille, 411 So.2d 1331 (Fla. 4th DCA), review denied, 419 So.2d 1201 (Fla. 1982); Jenkins v. City of Miami Beach, 389 So.2d 1195 (Fla. 3d DCA 1980); Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 946 (Fla. 1977); Railway Express Agency, Inc. v. Garland, 269 So.2d 708 (Fla. 1st DCA 1972), cert. denied, 275 So.2d 14 (Fla. 1973); Mozer v. Semenza, 177 So.2d 880 (Fla. 3d DCA 1965); General Telephone Co. of Fla., Inc. v. Mahr, 153 So.2d 13 (Fla. 2d DCA 1963), cert. dismissed, 163 So.2d 285 (Fla. 1964); Pope v. Pinkerton-Hays Lumber Co. 120 So.2d 227 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla. 1961).
[7] Fla.Std. Jury Instr. (Civil) 5.1c states:

"c. Intervening cause:
[*] Do not use the bracketed first sentence if this charge is preceded by the charge on concurring cause:
[*] [In order to be regarded as a legal cause of [loss] [injury] [or] [damage], negligence need not be its only cause.] Negligence may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] some other cause occurring after the negligence occurs if [such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such [loss] [injury] [or] [damage] [or] the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it]."
[8] "Finally, the question of whether defendant's negligence was the proximate cause of the injury is generally one for the jury unless reasonable men could not differ in their determination of that question." 349 So.2d at 1189 and authorities collected.
[9] This does not mean, however, that Fla.Std. Jury Instr. (Civil) 5.1b should be omitted from the court's jury charge in this case as the instruction may very well be appropriate for other reasons. See note 5 supra.
[10] Prosser takes a contrary view on such cases and cites considerable authority to support his position. W. PROSSER, HANDBOOK OF THE LAW OF TORTS § 44 at 274 (4th ed. 1971). Our holding here would seem to be a decided minority view. See also Pope v. Cruise Boat Co., 380 So.2d 1154 (Schwartz, J., concurring). It may also be dicta as the court appears to conclude that no negligence was shown in the case in any event; indeed, this was the sole basis on which Judge Schwartz concurred with the majority.