WARD, Judge,
concurring.
I would affirm the judgment of the Trial Court which held that the negligence of the uninsured motorist, Joseph Runyon, was the sole legal cause of John DiLeo’s death. Following the rules of Jagers v. Royal Indemnity Co., 276 So.2d 309 (La.1973) and the Restatement of Conflicts 2nd, Section 160 (1971), I base my opinion upon the application of Florida law to the issue of proximate causation.
Florida courts apply the foreseeability test to independent intervening causes, reasoning that intervening negligence breaks the causal connection between the first negligent party and the injured party unless the intervening force was probable or foreseeable. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla.1977); see also Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla.App. 1st Dist., 1960) cert. denied 127 So.2d 441 (Fla.1961), Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla.App. 3rd Dist., 1983) and cases cited therein.
Slade’s failure to place warning flares was not the proximate cause of John Di-Leo’s death because the intervening negligence of Runyon in attempting to drive around the Ryder truck at full speed was neither probable nor foreseeable. Although DiLeo would not have been killed but for Slade’s negligence, it merely created a dangerous condition which furnished the occasion of the injury. That is to say, the overturned unlighted Ryder truck would have resulted in no injury to John DiLeo, who had removed himself to a safe place beside the highway, if it had not been for Runyon’s inattention and failure or inability to control his vehicle. Because the result reached by this proximate cause analysis is the same as that produced by the Louisiana analysis, which also considers intervening cause in the duty-risk analysis, I affirm the Trial Court judgment.