FERGUSON, Judge
(specially concurring).
Harriet Barrish was injured when she was struck by a car as she walked in the street because overgrown foliage blocked the sidewalk. Summary judgment was entered for the defendants on a legal determination that the obstruction was not the proximate cause of the injuries. I concur in the result because the case is factually indistinguishable from Pope v. Cruise Boats Co., 380 So.2d 1151 (Fla. 3d DCA 1980). But the case is also factually similar to Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983), where we reversed a summary judgment for the defendant. In Stahl the young victim was injured when he left a bicycle path to avoid an obstruction and was struck by a passing automobile. The difference between this case and Stahl is that the young victim in Stahl rode a bicycle whereas the victim here was a pedestrian.
It appears then that the liability of a landowner, who negligently obstructs a sidewalk forcing the user to detour onto a highway where she is struck by a passing automobile, may turn on the user’s method of locomotion. If the detour is made by a bicyclist there may be a proximate cause relationship, but if the detour is made by a pedestrian there is no proximate cause relationship as a matter of law. The rationale, I suppose, is that a pedestrian who is forced onto the highway has a greater ability to extricate herself from the peril of an oncoming automobile than has a bicyclist. I cannot subscribe to the “mode of locomotion” theory as adequately distinguishing *341 the cases. Either Pope or Stahl is incorrect.