GERSTEN, Judge.
Appellant, Owens-Corning Fiberglas Corporation (Owens-Corning), appeals a final judgment in favor of Thomas Collins (Collins). We reverse.
The issue presented for review is whether the trial court erred in giving Florida Standard Jury Instruction 5.1(b), concerning “concurring cause”, without also giving Florida Standard Jury Instruction 5.1(a), which defines “legal cause”.
Florida’s standard jury instructions on legal cause and concurring cause state:

a. Legal cause generally:

Negligence is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the negligence, the [loss] [injury] [or] [damage] would not have occurred.

b. Concurring cause:

In order to be regarded as the legal cause of [loss] [injury] [or] [damage], negligence need not be the only cause. Negligence may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with the [act of another] [some natural cause] [or] some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such [loss] [injury] [or] [damage],
Fla.Std.Jury Instr. (Civ.) 5.1(a) and 5.1(b).
Owens-Corning asserts that the Supreme Court Committee Note requires that charge 5.1(a) be given in all cases, and that charge 5.1(b) shall be given in addition to 5.1(a) in those cases where there is evidence of concurring causes. Appellee, Richard E. Terwilliger (Terwilliger), Collins’s personal representative, contends that charge 5.1(a) would preclude all plaintiffs exposed to asbestos from recovering because of the scientific impossibility of establishing but-for causation.
The “Note on Use” following the instruction provides:
Charge 5.1(a) (legal cause generally) is to be given in all cases. Charge 5.1(b) (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether negligence was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his negligence by reason of some other cause concurring in time and contributing to the same damage.
See also Goldschmidt v. Holman, 571 So.2d 422 (Fla.1990).
This “Note on Use” requires that charge 5.1(a) be given in all negligence cases. This Note also demonstrates that, contrary to appellee’s argument, charge 5.1(a) will not preclude recovery for plaintiffs in asbestos cases. The Note explains that charge 5.1(b) negates the idea that a defendant’s negligence is excused by reason of concurring causes.
Although appellant and appellee agree that Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983) applies in this case, we disagree. In Stahl we reviewed the propriety of a summary judgment, whereas here the question presented is whether standard jury instruction 5.1(a) *132 should have been given. Moreover, in Stahl, we also noted:
Properly viewed, then, Florida follows the “but for” causation-in-fact test in negligence cases, as modified by the limited “substantial factor” exception applicable only in those concurring cause cases where each of the said concurring causes could have alone produced the plaintiffs injury.
Stahl v. Metropolitan Dade County, 438 So.2d at 19.
Because we believe that there is a reasonable possibility that the jury could have been misled by the trial court’s failure to give the proper instructions, we reverse and remand for a new trial. See Goldschmidt v. Holman, 571 So.2d at 425; Banks v. Hospital Corporation of America, 566 So.2d 544 (Fla. 4th DCA 1990), review denied, 577 So.2d 1326 (Fla.1991); Ruiz v. Cold Storage and Insulation Contractors, Inc., 306 So.2d 153 (Fla. 2d DCA), cert. denied, 316 So.2d 286 (Fla.1975). We find no merit in the other issue raised by appellant.
Reversed and remanded.