PER CURIAM.
Affirmed. Martinez v. Florida Power & Light Co., 26 Fla. L. Weekly D297, — So.2d -, 2001 WL 55387 (Fla. 3d DCA *336 Jan.24, 2001). See also Wright v. Metro. Dade County, 547 So.2d 304 (Fla. 3d DCA 1989) (comity not liable for injuries sustained in collision where traffic light malfunctioned); Pope v. Cruise Boat Company, Inc., 380 So.2d 1151 (Fla. 3d DCA 1980) (quoting Matthews v. Williford, 318 So.2d 480 (Fla. 2d DCA 1975) (“The law is well settled in this state that a remote condition or conduct which furnishes only the occasion for someone else’s supervening negligence is not a proximate cause of the result of the subsequent negligence.”)); and see H.R. Moch Co. v. Rensselaer Water Co., 247 N.Y. 160, 159 N.E. 896 (1928) (cited in Arenado v. Florida Power & Light Co., 523 So.2d 628 (Fla. 4th DCA 1988) (action against city for failure to supply adequate water pressure to prevent spread of fire, not maintainable as one for breach of statutory duty.)).