979 So.2d 1018 (2008)
EAST COAST ELECTRIC, Appellant,
v.
Allen DUNN and Barbara Dunn, his wife; Clifford Stewart and Celestine Stewart, his wife; and General Electric Company, Appellees.
Nos. 3D06-2211, 3D06-2213.
District Court of Appeal of Florida, Third District.
March 5, 2008.
*1019 Conroy, Simberg, Ganon, Krevans & Abel and Hinda Klein, Hollywood, for appellant.
Shook, Hardy & Bacon and Hildy M. Sastre and Daniel B. Rogers and Todd L. Wallen, Miami, for appellee General Electric Company.
Before WELLS, ROTHENBERG, and SALTER, JJ.
ROTHENBERG, J.
In this consolidated appeal, defendant East Coast Electric ("East Coast") appeals orders granting final summary judgment in favor of defendant General Electric Company ("General Electric"). We affirm.
Allen Dunn and Clifford Stewart (collectively, the "Plaintiffs") filed lawsuits against General Electric and East Coast, alleging in their amended complaints as follows. In the course and scope of their employment with Florida Power and Light, they were seriously injured while testing an uncovered bus bar.[1] The bus bar was manufactured by General Electric; shipped by General Electric to East Coast without the proper covers ("end caps"); and installed by East Coast, a licensed electrical contractor. The Plaintiffs asserted causes of action for strict liability against General Electric, alleging in part that General Electric breached its duty to the Plaintiffs by failing to immediately ship the proper end caps to East Coast when East Coast notified General Electric that it had initially shipped the wrong end caps, and that as a proximate and direct result of General Electric's breach of its duty, the Plaintiffs were injured when a phase flash occurred. In addition, the Plaintiffs asserted negligence claims against East Coast.
General Electric filed motions for summary judgment, acknowledging that the end caps that were shipped to East Coast did not properly fit the bus bars. General Electric, however, argued that East Coast's "recognition of the missing end cap and its decision to supply power to the building acts as a superseding and intervening cause; thereby extinguishing any liability on behalf of Defendant [General Electric]." Defendant East Coast opposed General Electric's motion for summary judgment, arguing that it was foreseeable that East Coast "would have powered up the busway without the end caps in place" because General Electric knew that East Coast was under time pressures to complete the building.
At the hearing on the motions for summary judgment, it was undisputed that East Coast realized that General Electric had shipped the improper end caps; East Coast contacted General Electric, requesting that General Electric ship the proper end caps; the end caps were not sent to East Coast; and East Coast covered the bus bars with cardboard. In addition, before the busway system was energized, *1020 General Electric notified East Coast that it was voiding the busway system's warranty due to water damage (unrelated to the missing end caps), and that the busway system should not be energized. Thereafter, although East Coast clearly knew that the bus bars were not properly covered, and had been warned by General Electric not to energize the busway, East Coast decided to energize the busway system. While the Plaintiffs were working in a small meter room where the electrified uncovered bus bars were located, a phase flash occurred, and the Plaintiffs were seriously injured.
The trial court entered final summary judgment in favor of General Electric and against the Plaintiffs. Defendant East Coast appeals these orders.[2]
East Coast contends that the trial court erred by granting final summary judgment in favor of General Electric. We disagree.
A trial court may grant summary judgment only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000). An appellate court's review of the trial court's order granting summary judgment is de novo. Id.
The trial court granted summary judgment in favor of General Electric on the basis that General Electric, the alleged original negligent actor, was relieved of liability for the Plaintiffs' alleged damages because East Coast's decision to energize the busway system was an unforeseeable, intervening cause. For an intervening cause to relieve the original tortfeasor of liability, the intervening cause must be unforeseeable and "completely independent of, and not in any way set in motion by, the tortfeasor's negligence." Townsend v. Westside Dodge, Inc., 642 So.2d 49, 50 (Fla. 1st DCA 1994). Although we recognize that foreseeability is usually a question to be determined by the trier of fact, "occasionally, when reasonable people cannot differ, the issue has been said to be one of law for the court." Dep't of Transp. v. Anglin, 502 So.2d 896, 898 (Fla.1987) (quoting Stahl v. Metro. Dade County, 438 So.2d 14, 21 (Fla. 3d DCA 1983)). Moreover, in Stahl, this Court stated:
Florida courts . . . have for good reason been most reluctant to attach tort liability for results which, although caused-in-fact by the defendant's negligent act or omission, seem to the judicial mind highly unusual, extraordinary, bizarre, or, stated differently, seem beyond the scope of any fair assessment of the danger created by the defendant's negligence.
Stahl, 438 So.2d at 19.
In Anglin, the Florida Supreme Court reasoned that "`the question of whether to absolve a negligent actor of liability is more a question of responsibility' than simply one of factual causation." Anglin, 502 So.2d at 899 (quoting Gibson v. Avis Rent-A-Car Sys., Inc., 386 So.2d 520, 522 (Fla.1980)). In quashing the district court's decision in Anglin, which concluded that whether a motorist's actions constituted an independent intervening cause, which would relieve the Department of Transportation of liability for its alleged negligence, was an issue of fact to be determined by the jury, the Florida Supreme Court held:
While it may be arguable that petitioners, by creating a dangerous situation . . . could have reasonably foreseen that *1021 someone may attempt to provide such assistance, it was not reasonably foreseeable that DuBose would act in such a bizarre and reckless manner. Petitioners' negligent conduct did not set in motion a chain of events resulting in injuries to respondents; it simply provided the occasion for DuBose's gross negligence.
Anglin, 502 So.2d at 899-900 (citation omitted).
In the instant case, assuming that General Electric's act of shipping the wrong end caps to East Coast created a dangerous situation, East Coast's subsequent act of energizing the busway system was "so far beyond the realm of foreseeability that, as a matter of law and policy," General Electric cannot be held liable for the Plaintiffs' injuries. See Anglin, 502 So.2d at 899. East Coast, a licensed and experienced electrical contractor, decided to energize the busway system even though General Electric told East Coast not to energize the busway system, East Coast knew that the bus bars were not properly covered, and East Coast knew that the electrified uncovered bus bars would pose a threat to anyone working near them. Contrary to East Coast's assertion, it was not reasonably foreseeable that East Coast would act in such a reckless manner, and therefore, General Electric was relieved from liability. As in Anglin, the original negligent actor's "conduct did not set in motion a chain of events resulting in injuries to [the Plaintiffs]; it simply provided the occasion for [the intervening tortfeasor's] gross negligence." Id. at 900. Accordingly, we affirm the orders granting final summary judgment in favor of General Electric.
Affirmed.
NOTES
[1] A bus bar is a part of a busway system.
[2] The Plaintiffs did not object to General Electric's motions for summary judgment, and they did not appeal the trial court's orders granting final summary judgment in favor of General Electric.