[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14239

Non-Argument Calendar

_____

MELISSA STUTLER,

Plaintiff-Appellant,

*versus*

COCA-COLA BEVERAGES FLORIDA, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-24383-FAM

_____

Before JORDAN, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

This is a slip-and-fall (or, more accurately, a slip-and-*slam*) case arising from events in a Target self-checkout line. Melissa Stutler appeals the district court's entry of summary judgment in Coke Florida's favor. She contends that the district court failed to consider the full record in the light most favorable to her on the issue of causation, an essential element of her negligence claim. After careful review, we agree and reverse.

## I.

After an incident in a Target self-checkout line, Melissa Stutler filed this lawsuit in Florida state court. Her complaint alleged that she slipped on a puddle of liquid on Target's premises. Trying to catch her balance, Stutler "twisted" on the liquid and slammed into the register and Coke Florida's beverage cooler, sustaining injuries. She alleged that Target breached its duty of care by negligently maintaining its premises. Target removed the case to federal court.

Stutler later amended her complaint, adding Coca-Cola Beverages Florida, LLC, as a defendant. Stutler alleged that the liquid had leaked from Coke Florida's cooler. And because Coke Florida had a duty to maintain that cooler, Stutler contended, the company had acted negligently by failing to keep it in a "reasonably safe condition."

The parties conducted discovery, and Coke Florida moved for summary judgment. Stutler filed a brief opposing the motion along with several photo exhibits of the accident site, which arguably show a puddle of water coming from Coke Florida's cooler. Target had produced one of the photos during discovery. Stutler's daughter had taken others on the day of the incident and in the following months. Until that filing, though, Stutler's counsel had been withholding the full photos taken by Stutler's daughter under a work-product-privilege theory.

A few weeks later, Target and Coke Florida sought—and the district court granted—an extension of the discovery deadline. With the additional time, Stutler requested more written discovery from Coke Florida and deposed Liliana Mejia, a Target employee. Shortly after the new discovery deadline, and without leave from the district court, Stutler supplemented her opposition to Coke Florida's summary judgment motion with additional evidence—Mejia's deposition transcript and exhibits. Those exhibits were the same photos—one produced by Target, the others taken by Stutler's daughter—that Stutler included in her original opposition to summary judgment.

The district court granted summary judgment for Coke Florida. The court ruled that Coke Florida had "a [contractual] duty to maintain" the cooler at issue in this case. Because Coke Florida had that duty, the court reasoned, the company "may be held liable to members of the public, such as [Stutler], for its negligence in performing that contract." But the district court

concluded that Stutler "failed" to establish "the existence of a genuine issue of material fact" that Coke Florida's "cooler caused the liquid to be on the ground where [Stutler] slipped and fell." Among other things, the district court (1) concluded that summary judgment was not premature; (2) refused to rely on the photos Stutler's daughter took because they were not timely produced in discovery; and (3) determined that Stutler's amended answers to Coke Florida's interrogatories contained unsupported factual allegations.

Stutler moved for reconsideration, arguing that the district court failed to construe the evidence in the light most favorable to her—mainly, by ignoring Mejia's testimony. Stutler also contended that she was entitled to additional discovery. The court summarily denied that motion.

Stutler timely appealed.

## II.

We review the district court's grant of summary judgment *de novo*, applying the same legal standards as the district court. *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). Summary judgment is appropriate if the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing the record, a court must draw all reasonable inferences in favor of the non-moving party. *Ryder Int'l Corp. v. First Am. Nat'l Bank*, 943 F.2d 1521, 1523 (11th Cir. 1991).

### III.

Stutler contends that the district court erred in concluding that she failed to "present sufficient proof" that the water she slipped on came from Coke Florida's cooler. In its summary judgment order, the district court emphasized that Stutler failed to inspect the cooler after she slipped to see if it was leaking, pointed out that the surveillance video of the incident did "not indicate whether the liquid . . . had been leaking" from the cooler, and dismissed some of Stutler's interrogatory responses as "unsupported factual allegation[s]." For its part, Coke Florida characterizes Stutler's testimony as "unsubstantiated and conjectural." But we agree with that Stutler that, considering all the evidence in the light most favorable to her, there is a genuine dispute of material fact that Coke Florida's "act or omission was a cause-in-fact of [Stutler's] claimed injuries." *Stahl v. Metro. Dade Cnty.*, 438 So. 2d 14, 17 (Fla. Dist. Ct. App. 1983).

At summary judgment, a court must draw "all reasonable inferences in favor of the nonmoving party." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1291-92 (11th Cir. 2012). A court "may not weigh conflicting evidence or make credibility determinations of its own." *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011). And a district court should not discount testimony at summary judgment "unless it is blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law, meaning that it relates to facts that could not have possibly been

observed or events that are contrary to the laws of nature." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013).

We think the district court overlooked several pieces of evidence that, when considered in the light most favorable to Stutler, could lead a reasonable jury to find that she slipped on water leaking from Coke Florida's cooler.

To start, circumstantial evidence in the record supports a reasonable inference that the cooler was leaking. There is video footage of Stutler slipping in front of the beverage cooler on a puddle of water. Target produced a photo of the liquid seemingly emanating from under the cooler, though the district court failed to mention it. Further, a post-incident report prepared by Target states that Stutler "slipped on a water leak next to [the] beverage fridge." The report also mentions that the floor was "wet" from a "cooler leak." The district court acknowledged the first quote (Stutler's characterization of the incident), but not the second (a Target employee's version of events). Finally, there is no other likely explanation for how the water ended up on the floor beneath and adjacent to the cooler. The court failed to make the obvious inference from this circumstantial evidence—that the liquid leaked from the cooler—in Stutler's favor, a requirement at the summary judgment stage. *See Jones*, 683 F.3d at 1291-92.

In addition to this circumstantial evidence, there is also direct evidence in the form of the deposition testimony of Liliana Mejia, a Target employee, which the district court did not address in its summary judgment order. After Coke Florida filed for

summary judgment, the district court extended the discovery deadline at Target and Coke Florida's request. With the additional time, Stutler deposed Mejia, a Target employee who arrived to the self-checkout area "a minute" after Stutler slipped. There, Mejia consulted another Target employee about what happened. That employee said Stutler had slipped on liquid that "leaked from the cooler." Mejia checked things out for herself and took a photo of the liquid on the floor, which was submitted as an exhibit at her deposition. After that inspection, she concluded with "100% certainty" that the liquid leaked from the cooler—there was not "any doubt" in her mind. She was not surprised: she testified that the cooler had leaked before, "sometime in 2020." To address that leak, Target's staff wrapped a "snake"—a type of sponge—around the bottom of the cooler. They used a similar "snake" after Stutler's slip.

Coke Florida contends that, even if "sufficient record evidence exists to create a genuine issue of material fact on whether the Coke Florida beverage cooler in the Target store was the source of the puddle," the district court was correct to grant summary judgment because there is "no evidence showing that Coke Florida failed to properly maintain or repair the beverage cooler." We disagree. The district court held that Coke Florida had a duty to maintain the cooler in a reasonably safe condition, a ruling Coke Florida does not dispute on appeal. And Coke Florida did not argue in its summary judgment motion that Stutler failed to present evidence that it had breached this duty. Instead, Coke Florida argued that it had no duty at all and that, even if it did, the cooler was not

leaking. So Stutler was never put on notice that she had to provide evidence that the cooler was leaking because of Coke Florida's negligence and not some other reason. A court may "grant [a summary judgment] motion on grounds not raised by a party" only "[a]fter giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f); *see Amy v. Carnival Corp.*, 961 F.3d 1303, 1310 (11th Cir. 2020) (concluding the district court erred by deciding an issue at summary judgment without prior notice to the plaintiff). Stutler was never on notice that she needed to submit the evidence that Coke Florida says she failed to submit. Accordingly, we cannot affirm based on Coke Florida's new theory.

Our conclusion that a genuine issue of material fact exists on the issue of causation resolves this appeal in Stutler's favor. Accordingly, we need not address her additional arguments that (1) the district court prematurely considered Coke Florida's motion for summary judgment; (2) the district court erred by refusing to rely on photos of the liquid taken by Stutler's daughter because they were not timely produced in discovery; and (3) the district court improperly characterized Stutler's amended answers to Coke Florida's interrogatories as "unsupported factual allegation[s]."

## IV.

For these reasons, the district court's grant of summary judgment is **REVERSED**, and this case is **REMANDED** for further proceedings.