561 So.2d 1194 (1990)
George GARCIA, et al., Appellants,
v.
METROPOLITAN DADE COUNTY, and Dade County School Board, Appellees.
No. 89-1402.
District Court of Appeal of Florida, Third District.
February 20, 1990.
*1195 Mark Linowitz, Miami, Paul Morris, Coral Gables, for appellants.
Peters, Pickle, Niemoeller, Robertson, Lax, & Parsons and Yvette Rhodes Prescott, Robert A. Ginsburg and Stephen A. Stieglitz, Miami, for appellees.
Before HUBBART, BASKIN and GODERICH, JJ.
PER CURIAM.
We affirm the final summary judgments in favor of Metropolitan Dade County and Dade County School Board.
George Garcia, Jr. was struck and injured by an automobile while walking to school with his mother, Josefina Nazario, and sister. On the day of the accident, George began to cross N.W. 32 Street without his mother's permission and then stopped in the middle of the street. Josefina Nazario did not attempt to hold her son's hand before the accident occurred. Instead she remained on the sidewalk as George walked into the street.
George's parents filed suit for damages on their and George's behalf against Metropolitan Dade County ("Dade County") and the Dade County School Board ("School Board"), alleging that Dade County had created a dangerous condition by having failed to maintain a crosswalk at the intersection where the accident occurred, and that the School Board had invited and encouraged students and their parents to cross N.W. 32 street, designating that route as safe, but knowing and failing to warn that the route was not in a designated school zone, knowing of prior accidents, and knowing of and failing to act upon complaints.
Dade County and the School Board moved for summary judgment claiming lack of proximate cause, lack of statutory notice and sovereign immunity. The trial court entered summary judgment in favor of both defendants and plaintiffs appealed.
It is clear from Josefina Nazario's deposition that her son was under her direct control and supervision immediately before the occurrence of the accident. No number of traffic signals, traffic control devices, or safe route to school maps can provide any greater protection for a child than the attendant supervision of his parent. In this case, George walked into the street without his mother's permission and stopped, whereupon he was struck by the automobile. The presence or absence of traffic control devices or warnings had no relationship to the occurrence of the accident. Further, Josefina Nazario did not see the automobile before the accident. There was, therefore, no evidence to support the claim that additional traffic control devices or warnings would have brought about a different result. There was no evidence that the driver of the automobile disobeyed the existing traffic control devices, was speeding or was driving in an unsafe manner. All that is known from the record below is that a boy disregarded his mother's instructions and stepped into the street into the path of an oncoming automobile.
The sole proximate cause of George's injuries was his act of stepping into the street without keeping a proper lookout, while under his mother's control. "The law is well settled in this state that a remote condition or conduct which furnishes only the occasion for someone else's supervening negligence is not a proximate cause of *1196 the result of the subsequent negligence." Pope v. Cruise Boat, Inc., 380 So.2d 1151, 1153 (Fla. 3d DCA 1980) (quoting Matthews v. Williford, 318 So.2d 480, 481 (Fla. 2d DCA 1975)). Thus, there was no genuine issue of material fact to be tried and Dade County and the School Board were entitled to judgment as a matter of law.
Finding our decision on this issue dispositive of our resolution of the case, we decline to address the other issues raised on appeal.
Affirmed.