428 So.2d 375 (1983)
Raymond P. PUHALSKI and Marie M. Puhalski, His Wife, and Susan Cannon, Appellants,
v.
BREVARD COUNTY, Florida, and Hartford Accident & Indemnity Company, Appellees.
No. 82-898.
District Court of Appeal of Florida, Fifth District.
March 23, 1983.
Thomas E. Thoburn, Cocoa, for appellants.
Ashby L. Camp of Cooper & Rissman, P.A., Orlando, for appellees.
PER CURIAM.
AFFIRMED.
ORFINGER, C.J., and COBB, J., concur.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
Appellee Brevard County, Florida, built a bicycle path along State Road 520 in Brevard County. Appellants, bicyclists engaged in a cross-state bike race, found the bicycle path so poorly maintained that they abandoned its use and rode on the edge of the highway where they were struck and injured by a vehicle that wandered out of the lane of traffic. They sued appellee county alleging their injuries were caused by appellee's breach of its duty to maintain the bicycle path, earnestly arguing that it was unavoidably foreseeable by the county that if the county did not properly maintain the path bicyclists would be forced to use the highway where it was further foreseeable that a vehicle might veer out of the lane of travel and strike and injure the bicyclists. In response appellee-county argues equally earnestly, as a matter of well-established case law, that it is unforeseeable that a motorist will veer out of a lane of traffic, citing cases involving vehicles running off the road and striking benches at bus stops, unbarriered premises near highways and telephone poles along roads. The good trial judge correctly entered summary judgment for appellee-county not because of the argument about foreseeability but because the county had no duty to provide a bicycle path. The danger of a bicyclist riding on the edge of the pavement on a busy highway being struck by a motorist is so obvious and likely that it should be held foreseeable as a matter of law. That is the very reason *376 bicycle paths are built. However, this does not mean that the failure of a county to provide a bicycle path, or a properly maintained bicycle path, is the legal cause either (1) of the danger of riding a bicycle on the edge of a busy highway, (2) of a bicyclist being exposed to that danger, and (3) of a bicyclist being injured by a car on the highway. The foreseeability of a bicyclist's reaction to an unmaintained bicycle path and the foreseeability of the active efficient "intervening" negligence of a motorist striking a bicyclist are not the issue because foreseeability alone does not create duty but merely defines the scope of a duty and of the damages considered to have legally resulted from the breach of a duty. Whatever duty Brevard County had to maintain the path once provided, the breach of that duty was limited to injuries directly and proximately caused to bicyclists by defects in the path resulting from its improper maintenance.
This is but another of many cases where it is erroneously argued, albeit sometimes successfully, that anyone that can foresee how others (here bicyclists and motorists) may negligently cause injuries, by such foresight alone, incures a legal duty to take affirmative action (to provide or maintain bicycle paths, to give warnings, etc.) to prevent the active but foreseeable negligence of others and the resulting foreseeable injury. The fact that one realizes, or should realize, that an affirmative act on his part is necessary for another's protection does not itself impose upon him a duty to take such action.[1] When the claimed negligent conduct consists not of an act, but of the failure to do an act which is necessary for the protection of another, the act which was not done must be one which the alleged negligent party was under a duty to do.[2] The county's lack of maintenance did not result in defects that proximately caused appellants' injuries but resulted in the county's failure to provide a properly maintained bicycle path. However that did not breach any legal duty owed because the county had no legal duty to provide a bicycle path, well-maintained, unmaintained or at all and, having once provided one, no duty to continue to provide one. There being no legal duty there is no breach of duty and no negligence and no liability.
NOTES
[1] See Restatement of the Law, Second, Torts 2d, Vol. 2, § 314.
[2] See Restatement of the Law, Second, Torts 2d, Vol. 2, § 284(b).