RYDER, Chief Judge.
This appeal arises from an automobile accident that occurred at the intersection of West Cordelia and North Glen Avenue in Tampa. Magali Flores sued Gilda Fernandez (Gilda) for injuries sustained in the accident. Gilda filed a third party complaint against one Frank Fernandez (Frank), the owner of a house at the intersection. Gilda and Frank are not related. Gilda alleged that Frank negligently parked several vehicles on the public right-of-way near his property, thereby obstructing her view of the intersection.
At the conclusion of Gilda’s case-in-chief, the court directed a verdict for Frank on the third party claim. Thereafter, the jury returned a verdict for Flores on the main claim. Gilda appeals both verdicts.
We affirm the jury verdict and judgment entered on the main claim in favor of Flores. Gilda’s points on appeal, that the court erred in excluding certain evidence, that the verdict was excessive and against the manifest weight of the evidence, and that the court erred in denying her a new trial, are without merit. The jury verdict is supported by competent, substantial evidence in the record. Helman v. Seaboard Coast Line Railroad, 349 So.2d 1187 (Fla.1977); Wash-Bowl, Inc. v. Wroton, 432 So.2d 766 (Fla. 2d DCA 1983).
We reverse, however, the directed verdict in favor of Frank on the third party claim. Frank testified that his van and wrecker were parked on the shoulder of North Glen Avenue and not on his property. Gilda testified that the vehicles obstructed her view. Therefore, there is a jury question as to whether the vehicles obstructed the public right-of-way and, if so, whether the obstruction was a contributing cause of the accident. Morales v. Costa, 427 So.2d 297 (Fla. 3d DCA), petition for review denied, 434 So.2d 886 (Fla.1983). We do not agree with appellant, however, that the incorrectly granted directed verdict so prejudicially affected the jury’s verdict in the main case that a new trial on all issues is necessary.
Accordingly, the judgment in favor of Flores is affirmed. The directed verdict in favor of Frank is reversed. Gilda’s third party claim against Frank shall be reinstated as an action for contribution.
Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
SCHOONOVER and LEHAN, JJ., concur.