WHA JA YU, Adm'r of the Estate of Samuel P. Yu, Deceased, Plaintiff-Appellant, v. THE NEENAH FOUNDRY COMPANY, Defendant-Appellee.

First District (5th Division)   No. 86—3388

Opinion filed December 18, 1987.

Motherway & Glenn, P.C., of Chicago (Mark Edward McNabola, of counsel), for appellant.

Cassiday, Schade & Gloor, of Chicago (William J. Furey, Michael J. Gallagher, and Susan E. Seiwert, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by plaintiff, Wha Ja Yu, administrator of the estate of Samuel P. Yu, deceased, from an order of the circuit court of Cook County granting summary judgment in favor of defendant, the Neenah Foundry Company, in a products liability action. Plaintiff seeks reversal of the order granting summary judgment based upon his contention that a question of fact existed concerning whether a "catch basin inlet" or sewer grate, manufactured by defendant, was so obviously defective and dangerous that a competent manufacturer and seller of such catch basin would have refrained from following the plans and specifications submitted to it by the Illinois Department of Transportation. For the reasons set forth below, we affirm.

The facts disclosed by the pleadings are as follows. On June 17, 1983, plaintiff's decedent, Samuel Yu (Yu), was riding a bicycle in the curb lane eastbound on 127th Street about 600 feet west of its intersection with Pulaski Road in the village of Alsip. Plaintiff alleged, contrary to defendant's position, that Yu's bicycle wheel went into the catch basin inlet or sewer grate, which apparently was rectangular in shape with north-south slotted, parallel bars distanced a few inches apart with open spaces in between. The entry of the wheel in the opening of the grate caused Yu to fall off his bicycle into the eastbound lane of 127th Street. Yu was subsequently run over by a tractor trailer being operated by persons other than defendant. As a result, Yu died on June 18, 1983.

On July 25, 1983, Yu's administrator filed a tort action against defendant and others seeking damages based upon the June 17 occurrence. Defendant filed a motion for summary judgment and, on October 29, 1986, the trial court entered an order granting the motion but ordering that the cause continue as to all other defendants. This appeal followed.

■■■ Summary judgment should be granted where " 'the pleadings, depositions and admissions on file, together with the supporting affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " (*Wright v. Adonis Compania Naviera, S.A.* (1978), 59 Ill. App. 3d 108, 110, 376 N.E.2d 4, quoting *Heidelberger v. Jewel Cos.* (1974), 57 Ill. 2d 87, 92, 312 N.E.2d 601; Ill. Rev. Stat. 1985, ch. 110, par 2—1005(c).) Evidence is to be construed strictly against the

moving party and liberally in favor of the opponent. (*Clausen v. Ed Fanning Chevrolet, Inc.* (1972), 8 Ill. App. 3d 1053, 291 N.E.2d 202.) The right to summary judgment must be clear beyond question and an order granting summary judgment must be reversed if a reviewing court determines that a material question of fact does exist. (*Wright v. Adonis Compania Naviera, S.A.* (1978), 59 Ill. App. 3d 108, 376 N.E.2d 4.) "[A]lthough a complaint \*\*\* may purport to raise issues of material fact, if such issues are not further supported by evidential facts through affidavits or other evidence, summary judgment is appropriate; if the party moving for summary judgment supplies facts which, if not contradicted, would entitle such a party to judgment as a matter of law, the opposing party cannot rely on his or her complaint \*\*\* alone to raise genuine issues of material fact." *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 819, 416 N.E.2d 328.

■ We further observe that the law is well settled with respect to the duty of manufacturers who are independent contractors and merely manufacture a product in accordance with the plans and specifications of a third party. As a general rule, a manufacturer or independent contractor such as defendant owes no duty to third persons to judge the plans and specifications which he merely contracts to follow. If a manufacturer carefully carries out or follows specifications provided him by others whom he is supplying, he is justified in relying on their adequacy without fear of tort liability. (*Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368.) An exception to this rule arises where the plans and specifications are so obviously dangerous that no competent contractor would follow them. *Hunt*, 74 Ill. 2d 203, 384 N.E.2d 368.

In the instant case, plaintiff argues that the plans and specifications were so obviously dangerous to the bicycle riding public that no competent contractor should have relied on them. In support thereof, plaintiff points to the following:

(1) Defendant issued a warning in 1973 or 1974 concerning use of the catch basins where bicyclists rode;

(2) A list of a number of cases filed against defendant by bicyclists prior to the filing of plaintiff's action; and

(3) The opportunity of defendant to use alternative catch basin designs.

■ Contrary to plaintiff's argument, we find the above facts insufficient to support his claim that defendant owed decedent a duty. The type of catch basin at issue was designed by the Illinois Department of Transportation engineers and was also approved for use by the Federal Highway Administration for use in interstate highways.

The subject catch basin was in use and accepted by the Cook County Department of Highways in 1967 and continued to be required by the State on its roadways until 1973 or 1974. On the other hand, plaintiff has not shown how the specifications were obviously dangerous to the point that defendant would have been justified in refusing to follow them, and particularly he has not shown that any competent contractor refused or would have refused to do so in 1967. Moreover, he has failed to counter testimony that the specifications were appropriate, were in widespread use at the time, and were mandated by the county and State. "While a plaintiff is not normally required to prove his case at the summary judgment stage, he must present some evidentiary facts to support the elements of his claim." (*Ralston v. Casanova* (1984), 129 Ill. App. 3d 1050, 1059, 473 N.E.2d 444.) Plaintiff thus has failed to present any evidentiary basis for his claim that his cause of action falls within the exception set forth in *Hunt*. In other words, plaintiff has failed to show that defendant owed decedent a duty to refuse to follow the specifications and plans of the catch basin submitted to it by the Department of Transportation.

For the foregoing reasons, therefore, we find that the trial court properly granted summary judgment to defendant.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.