PER CURIAM.
The Nehmads, while walking north on Memorial Highway in Dade County, were struck by a northbound auto. In the ensuing personal injury and wrongful death action, the appellants alleged that Dade County owned the right-of-way along both sides of that highway and that it had negligently failed to keep those areas mowed and trimmed. The trial court granted summary judgment in favor of Dade County. We affirm.
A plaintiff wishing to establish a negligence claim must show the existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others including the plaintiff, a failure on the part of the defendant to perform that duty, and an injury or damage to the plaintiff proximately caused by the failure. Bondu v. Gurvich, 473 So.2d 1307 (Fla. 3d DCA 1984), review denied, Cedars of Lebanon Hosp. Care Center, Inc. v. Bondu, 484 So.2d 7 (Fla.1986); Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983). While the trial court appears to have relied on a proximate cause analysis, we conclude that the county owed no duty to these defendants.[1]
For there to be governmental tort liability, there must be an underlying common law or statutory duty of care. Trianon Park Condominium Ass’n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1986). There is no liability for the failure of a government entity to build, expand, or modernize capital improvements such as buildings and roads. See Trianon, 468 So.2d at 920; see also Perez v. Department of Transp., 435 So.2d 830 (Fla.1983); City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla.1982); Ingham v. Department of Transp., 419 So.2d 1081 (Fla.1982); Department of Transp. v. Neilson, 419 So.2d 1071 (Fla.1982). A governmental entity’s decision not to build or modernize a particular improvement is a discretionary function with which our supreme court has held courts cannot interfere. See Neilson, 419 So.2d at 1071 (decision to upgrade road); see also Rumbough v. City of Tampa, 403 So.2d 1139 (Fla. 2d DCA 1981) (operation of sanitary landfill); Romine v. Metropolitan Dade County, 401 So.2d 882 (Fla. 3d DCA 1981), review denied, 412 So.2d 469 (Fla.1982) (traffic control decisions).
There was no statutory or common law duty to provide a walkway for pedestrians like the Nehmads. A road shoulder for vehicles was maintained but the county never assumed the duty of providing a walkway when it created and maintained the shoulder. Therefore, the county cannot be held liable for the breach of a duty which it never assumed. See Puhalski v. Brevard County, 428 So.2d 375, 376 (Fla. 5th DCA 1983) (Cowart, J., dissenting); see also Stahl, 438 So.2d at 20 (citing Judge Cowart’s no duty analysis in Puhalski).
*302 Accordingly, we affirm the summary judgment entered for the county.

. The trial court’s order granting summary judgment cited: Pope v. Cruise Boat Co., 380 So.2d 1151 (Fla. 3d DCA 1980) (conduct of a cruise boat company, in permitting parking of boat trailer and of two pickup trucks on shoulder of street, was not proximate cause of injuries complained of by pedestrian who was walking along the shoulder and who was struck by car when she stepped into the street to go around the parked boat and trucks) and Barrish v. State, Dept. of Transp., 509 So.2d 340 (Fla. 3d DCA 1987) (per curiam affirmed citing Pope and Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983) (to constitute proximate cause there must be such a natural, direct, and continuous sequence between the negligent act or omission and plaintiffs injury that it can reasonably be said that but for the negligent act or omission the injury would not have occurred) in support of its entry of summary judgment for defendants.