551 So.2d 592 (1989)
Annette MOFFAT and Annette Moffat, As Guardian of the Property of Jerome Bongyor, a Minor, Appellants,
v.
U.S. FOUNDRY & MANUFACTURING CORPORATION, Appellee.
No. 89-00844.
District Court of Appeal of Florida, Second District.
November 3, 1989.
Jeffery L. Shibley of Jeffery L. Shibley, P.A., Tampa, for appellants.
Stephen C. Chumbris of Greene & Mastry, P.A., St. Petersburg, for appellee.
ALTENBERND, Judge.
The plaintiff, Mrs. Moffat, appeals an order dismissing her third amended complaint against U.S. Foundry with prejudice because it failed to state a cause of action. The trial court determined, exclusively on the plaintiff's allegations, that the injuries sustained by Mrs. Moffat's son were not proximately caused by the alleged negligence of U.S. Foundry. We reverse because the third amended complaint contains a short and plain statement of the ultimate facts authorizing relief. Fla.R.Civ.P. 1.110(b). The issue of causation in this case requires a careful consideration of factual details which need not be alleged.
The plaintiff's third amended complaint alleges that her seven-year-old son, Jerome Bongyor, was struck by an automobile on March 20, 1985, while he was riding his bicycle home from grade school. The accident occurred while the young boy was riding on a bridge in Pinellas County. The bridge allegedly was designed with a pathway for pedestrians and bicyclists. The pathway allegedly had been designed and constructed with a drainage grate across one portion of the pathway. The grate contained slots which were parallel to the pathway. The slots were large enough to trap bicycle tires and created a hazard for bicyclists. Allegedly, the boy was aware of the grate and chose to ride in the active lanes of automobile traffic on the bridge in order to avoid the danger of the grate. The accident occurred while he was avoiding the risk created by the grate.
*593 Mrs. Moffat alleges that U.S. Foundry designed, manufactured, and marketed the grate. She also alleges that U.S. Foundry was aware of the danger of its grates. She even attaches, as an exhibit to the third amended complaint, an advertisement from a company which sold a guard to eliminate the danger created by the slots in such drainage grates. U.S. Foundry allegedly knew that its grates would be installed in areas where bicycles and automobiles were operated in close proximity to each other, and that it was foreseeable that a bicyclist could be injured by an automobile while avoiding the risk of an accident on a grate.
Mrs. Moffat sued U.S. Foundry for both negligence and strict liability. She also sued the automobile driver, the corporations which designed and constructed the bridge, and Pinellas County. The trial court dismissed only U.S. Foundry.
U.S. Foundry successfully argued in the trial court that the negligence of the driver or one of the other defendants was an independent, efficient, intervening cause which relieved it of responsibility as a matter of law. It relied primarily upon Pope v. Cruise Boat Co., 380 So.2d 1151 (Fla. 3d DCA 1980), and Puhalski v. Brevard County, 428 So.2d 375 (Fla. 5th DCA 1983). Mrs. Moffat urged that the issue of causation must be resolved by a jury, and relied upon Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983). The trial court granted U.S. Foundry's motion to dismiss and expressly relied on Pope. Although Pope and Puhalski resolved the issue of causation as a matter of law, they did so on motions for summary judgment.
While we reverse the trial court's resolution of this issue on a motion to dismiss, we do not suggest that the issue must ultimately be submitted to a jury. It is possible that the undisputed facts established during discovery could permit the trial court to determine that the drainage grate "simply provided the occasion" for this accident, and that some later negligence was an independent, efficient proximate cause as a matter of law. Dep't of Transp. v. Anglin, 502 So.2d 896 (Fla. 1987). See also Wha Ja Yu v. Neenah Foundry, 164 Ill. App.3d 975, 116 Ill.Dec. 13, 518 N.E.2d 635 (Ill. App.Ct. 1987); Widefield Homes v. Griego, 160 Colo. 225, 416 P.2d 365 (Colo. 1966).
On appeal, U.S. Foundry also argues that it owes no duty to this child in either negligence or strict liability because the child was not a consumer or user of its product. It argues that a person who is injured in the vicinity of a product is only owed a duty if the injury is caused by some explosion or other active defect in the product. We do not interpret the duty under strict liability to "innocent bystanders," established in West v. Caterpillar Tractor Co., 336 So.2d 80, 89 (Fla. 1976), so narrowly. Although not relying upon Palsgraf v. Long Island R.R. Co., 248 N.Y. 339, 162 N.E. 99 (N.Y. 1928), U.S. Foundry clearly argues that this child was not a foreseeable plaintiff to whom a duty was owed because its alleged negligence was "passive." The fact that the grate did not actively cause the child's injuries may ultimately prove significant in determining the issue of causation. Nevertheless, we perceive no reason to limit the duty owed in negligence or strict liability by an active/passive distinction which has not proven to be a manageable distinction in the past. See Houdaille Indus. Inc. v. Edwards, 374 So.2d 490 (Fla. 1979).
Reversed and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and RYDER, J., concur.