645 So.2d 50 (1994)
Matthew Lee DYKES, a minor, by his father and next friend, Jim Dykes, and Jim DYKES, individually, Appellants,
v.
CITY OF APALACHICOLA, Appellee.
No. 93-1326.
District Court of Appeal of Florida, First District.
October 28, 1994.
Rehearing Denied December 7, 1994.
*51 Jay W. Manuel of Pittman, Manuel & Hundley, P.A., Panama City, and Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellants.
Craig A. Dennis and John A. Grant of Dennis & Bowman, P.A., Tallahassee, for appellee.
WOLF, Judge.
This is an appeal from a final order of summary judgment in favor of the city of Apalachicola. The appellant asserts that the trial court erred in granting summary judgment for the city on the basis that the conduct of Matthew Dykes constituted an independent intervening cause which insulated the city from liability. We agree and reverse.
Matthew Dykes, the appellant, was hit by a car in the city of Apalachicola on July 15, 1988, when the appellant was 12 years old. At the time of the accident, the appellant was mowing the lawn on the right-of-way in front of a home at 190 Market Street when he stepped into the roadway of Market Street and was hit by a vehicle. According to the driver's deposition, she was unable to see the appellant before he stepped into the street because there were trees or bushes which grew on the right-of-way and hung over the roadway, and Matthew stepped out into the street from behind the bushes before she could see him and prevent the accident.
A complaint was filed against the city of Apalachicola alleging negligence for the city's failure to properly maintain the right-of-way when it knew of the hazardous condition, and the city's failure to warn of the hazardous condition. The city answered the complaint, denying the allegations and raising affirmative defenses. The city filed a motion for summary judgment. In response, the plaintiff filed affidavits of the owner of the house at 190 Market Street as to the nature of the vegetation in front of his house and the hazards it caused, and the affidavit of the appellant's father, who corroborated the statements of the property owner as to the obstruction created by the vegetation on the edge of the roadway. The trial court granted the city's motion for summary judgment.
In the order of final summary judgment in favor of the city of Apalachicola, the lower court found that the city was negligent in its maintenance of Market Street, but held that the danger was "open and obvious" and the appellant's act of stepping into the street was an independent intervening cause of his injury, relieving the city of liability:
The Defendant, city of Apalachicola, was negligent in its maintenance of Market Street, in that it allowed the undergrowth beside Market Street to grow to the point that it came up to and over the road. However, the dangers presented by the undergrowth, as well as the dangers presented by stepping into Market Street, were open and obvious. Matthew Dykes' actions in stepping into Market Street were volitional, and were the independent intervening cause of the accident and of his injuries. The city of Apalachicola is therefore not liable for his injuries.
On appeal, the city asserts that the summary judgment may be sustained on theories of sovereign immunity, lack of a duty to this particular plaintiff, and the existence of an intervening cause which relieves the city from liability.
In Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), the Florida Supreme Court established that discretionary planning level decisions would not subject a government to liability, but that operational level decisions were not immune. In Commercial Carrier, the court specifically noted that the maintenance of a traffic signal did not constitute a policy or planning level decision, but rather was an operational level *52 activity for which the governmental entity could be held liable. See also Department of Transp. v. Neilson, 419 So.2d 1071 (Fla. 1982) (court noted that under Commercial Carrier, the failure to properly maintain existing traffic control devices could be the basis of suit against a governmental entity).
In Foley v. State Dep't of Transp., 422 So.2d 978 (Fla. 1st DCA 1982), this court relied on Commercial Carrier and Neilson to reverse a summary judgment in favor of the governmental entity, and concluded that the failure to mow weeds and grass along the highway did not constitute a discretionary planning level decision protected by sovereign immunity. In Bailey Drainage Dist. v. Stark, 526 So.2d 678 (Fla. 1988), the supreme court found that it was a failure at the operational level for a governmental entity to permit the growth of weeds and brush to obscure an intersection, creating a dangerous condition for motorists.
On appeal, the city of Apalachicola argues that it had no duty to maintain the shoulders of Market Street for the benefit of Matthew Dykes. To the extent that this argument is made in the context of sovereign immunity, we reject it. We can find no case where a purely operational level function is converted to a planning level function depending upon the plaintiff involved. The focus in determining whether an activity should be entitled to immunity is the nature of the function which is performed by the governmental entity. See Commercial Carrier, supra. The city relies on Nehmad v. Metropolitan Dade County, 545 So.2d 300 (Fla. 3d DCA 1989), a case brought by pedestrians who were struck by an automobile while walking beside a highway. In Nehmad, the issue was whether the county was required to provide a walkway for pedestrians. The Third District Court of Appeal properly recognized that "[A] governmental entity's decision not to build or modernize a particular improvement is a discretionary function with which our supreme court has held courts cannot interfere." Nehmad at 301. As previously noted, however, the alleged negligence of the city in the instant case did not involve the failure to provide a particular facility, but rather was predicated on the city's failure to maintain foliage in the right-of-way, an activity which has been held to be an operational function. See Foley, supra; Bailey, supra.
A more difficult question arises as to the duty of the city to appellant. Appellant asserts that the city owed a duty to the public at large to maintain the right-to-way, so therefore, appellants had the right to institute their negligence suit. In Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985), the supreme court rejected the theory that if a governmental entity has a duty to the general public to perform a particular function, that this duty entitles an individual plaintiff to institute litigation for failure of the government to properly execute that duty. The general test for determining whether a duty exists to support a negligence action is whether a defendant's conduct creates a foreseeable zone of risk. McCain v. Florida Power & Light Corp., 593 So.2d 500 (Fla. 1992). The law will recognize a duty placed upon a defendant either to lessen the risk or to see that sufficient precautions are taken to protect others from the harm the risk poses. Id. In McCain, the supreme court reiterated that the existence of a duty of care in a negligence action is a question of law which is determined by finding whether or not the defendant created a generalized and foreseeable risk of harming others. In Foley, supra, and Bailey, supra, it was held that such zone of risk was created by the failure to maintain foliage in a right-of-way.
Appellee argues that the duty to maintain a right-of-way only extends to motorists and not to people who step out from behind the uncut foliage. In McCain, the supreme court rejected the idea that a duty only arises when a tort-feasor is able to see the exact nature of the injury or precise manner which the injury occurs. See also Stazenski v. Tennant Co., 617 So.2d 344 (Fla. 1st DCA 1993). The duty extends to all parties within the zone of risk created by the tort-feasor. In the instant case, the zone of risk clearly extended to any party who may be injured as a result of the obstructed view of the motorists, including pedestrians emerging from behind the foliage.
*53 Appellee next argues (and the trial court found) that as a matter of law appellant's conduct relieved the city of liability. In Palm Beach County Bd. of County Comm'rs v. Salas 511 So.2d 544 (Fla. 1987), however, the supreme court found that the governmental entity should not be relieved of liability as a matter of law where the plaintiff's actions were not unforeseeable. See also Department of Transp. v. Anglin, 502 So.2d 896 (Fla. 1987) (only when conduct obviously falls within "unusual, extraordinary or bizarre" category may a court determine as a matter of law that chain of causation has been broken).
In Hancock v. Department of Corrections, 585 So.2d 1068 (Fla. 1st DCA 1991), rev. denied, 598 So.2d 75 (Fla. 1992), the trial court had granted summary judgment in favor of a defendant where the court found that the plaintiff knew of the dangerous condition created by a defective stairway handrail upon which the plaintiff was injured. In reversing the lower court decision, this court concluded that the degree to which a person may have caused his own injuries because of his awareness of a dangerous condition or whether those actions may have constituted a foreseeable intervening cause are ordinarily questions for a jury to decide. Id. at 1071. There, we pointed out that since Florida's adoption of comparative negligence, a plaintiff is no longer barred from recovery where the dangerous condition is open and obvious; instead, the knowledge of a hazardous condition only presents an issue of comparative negligence  a fact question. Likewise, in Regency Lake Apartments Assocs. v. French, 590 So.2d 970 (Fla. 1st DCA 1991), this court also found that the issue of a defendant's negligence would properly be presented to a jury despite a plaintiff's knowledge of alleged danger.
As in Hancock and Regency Lake, summary judgment should not have been granted solely because the appellant may have known or should have known of the dangerous condition. We cannot say as a matter of law that it is unforeseeable that a pedestrian would emerge from the overgrown foliage in the right-of-way along Market Street. Such an issue creates a question of fact for a jury.
The final summary judgment is reversed, and this cause is remanded for further proceedings.
JOANOS and BENTON, JJ., concur.